MICHAEL L. FRADIN (SBN 0091739)
*mike@fradinlaw.com*
LAW OFFICE OF MICHAEL L. FRADIN
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847/986-5889
Facsimile: 847/673-1228

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION

| | |
|---|---|
| AUSTIN KLEINHANS,<br><br>*On behalf of himself and all others similarly situated*<br><br>              Plaintiffs,<br><br>    *v.*<br><br>GREATER CINCINNATI BEHAVIORAL HEALTH SERVICES<br><br>           c/o Jeff O'Neil<br>           1501 Madison Road<br>           Cincinnati, OH 45206<br><br>              Defendant, | Case No. ----------<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **The Fair Labor Standards Act (29 U.S.C. §§ 201-219);**<br>2. **FRCP 23 Class Action (State-Law Claims):**<br>   a. **Ohio Revised Code Chapter 4111: Ohio Minimum Fair Wage Standards Act**<br><br>DEMAND FOR JURY TRIAL<br><br><br>    Judge -------<br>    Magistrate Judge ------ |

Now Comes Plaintiff, Austin Kleinhans, by and through counsel, Michael L. Fradin, and for his Complaint against Defendant, Greater Cincinnati Behavioral Health Services, hereby alleges and states as follows:

## I. PRELIMINARY STATEMENT

Plaintiff Austin Kleinhans, on behalf of himself and all similarly-situated individuals, brings this action pursuant to 29 U.S.C. §216 (b) as a representative action against Defendant seeking appropriate monetary, declaratory and injunctive relief based on Defendant's willful

1

failure to compensate employees with sufficient overtime pay as required under the Federal Labor Standards Act of 1939 ("FLSA"), 29 U.S.C. §§ 201, et seq. and the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111.01, et seq. Plaintiff's allegations as to his own acts are based on personal knowledge and other allegations are made on information and belief.

## II. JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2201.

2. This Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Plaintiff labored for Defendant within this district and a substantial part of the events or omissions giving rise to his claims occurred within this district.

## III. PARTIES

4. Plaintiff is a resident of Ohio. From on or about August 28, 2020 until on or about January 4, 2021, Plaintiff Kleinhans was employed by Defendant in Amelia, Ohio to perform Case Manager duties, including the development and implementation of medical care plans and evaluation of the appropriateness, quality and cost effectiveness of Medicaid and other community services provided to persons with chronic illnesses or disabilities.

5. Plaintiff Kleinhans written consent to bring this collective action to collect unpaid overtime wages under the FLSA and the Ohio Minimum Fair Wage Standards Act is attached as Exhibit A.

6. Plaintiff brings this collective action on his own behalf and on behalf of all

employees similarly situated who were employed by Defendant who were subject to the same pay practices.

7. During all relevant times, Plaintiff was an employee covered by the enterprise coverage provisions of the FLSA, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. §§ 203(s) and 207(a)(l) and employees of a covered employer of the O.R.C. Chapter 4111.

8. Defendant is a behavioral services provider with a principal place of business is in Cincinnati, Ohio.

9. During all relevant times, Defendant was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

10. During all relevant times, Plaintiff and the putative class were compensated on a salary basis.

11. While employed by Defendant, Plaintiff and the putative class were not exempt from the overtime provisions of the FLSA and the Ohio Minimum Fair Wage Standards Act. During the three years immediately preceding the filing of this complaint, Defendant employed Plaintiffs and similarly situated Case Managers for hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207 but have not compensated them at the overtime rate as mandated by federal and state wage and hour laws. As a result, Plaintiff and the putative classes are entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours in excess of forty per workweek they have worked.

12. Throughout the term of his employment with Defendant, Plaintiff regularly worked in excess of 40 hours a week and was not paid at a rate of one and one half times his regular rate of pay for all such hours. Defendant suffered and permitted Plaintiff to work all such unpaid overtime hours.

## IV. COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of the following opt-in class:

> All current and former Case Managers who worked in excess of 40 hours per workweek during their employment by Greater Cincinnati Behavioral Health Services. who were not compensated at a rate of one and one half times their regular rate of pay for overtime worked.

14. Plaintiff is similarly situated to all former and current Case Managers described in the above class.

15. Plaintiff seeks to represent a class of all current and former Case Managers subjected to the pay practices described in this Complaint who were employed by Defendant during the preceding three-year period.

16. The educational requirement for being hired by Defendant as a Case Manager is a high school degree or equivalent. See https://www.gcbhs.com/careers/openings/.

17. Plaintiff has firsthand knowledge that there are other similarly situated current and former employees of the Defendant who are entitled to overtime compensation. Plaintiff requests that this Court authorize notice to be circulated to all similarly situated persons informing them of this action and their right to opt-in under 29 U.S.C. § 216(b).

## V. **FIRST CAUSE OF ACTION**
(Violations of the Fair Labor Standards Act)

18. Plaintiff incorporates the preceding paragraphs as though fully rewritten herein.

19. This count is brought pursuant to U.S.C. § 216(b).

20. During all relevant times, Defendant unilaterally imposed on the Plaintiff and other similarly situated employees conditions under which they did not receive compensation for overtime hours worked, willfully violating the FLSA and the applicable regulations of the Department of Labor, depriving Plaintiff of the rights, protection, and entitlement granted to them under this federal statute and the pertinent regulations.

21. Defendant has intentionally failed to pay the employees' required overtime compensation for hours worked in excess of 40 per workweek.

22. By the acts and conduct described above, Defendant has violated and is in violation of 29 U.S.C. §207(a)(l).

23. Defendant's conduct in failing to pay required overtime was willful and/or in reckless disregard of the rights of Plaintiff and those similarly situated.

24. As a result of the Defendant's violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there have become due and owing to the Plaintiff amounts of overtime pay under the FLSA.

25. The Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 21l(c) and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff and other employees similarly situated from which the amounts of Defendant's liability can be ascertained.

26. Defendant has failed to maintain records of the hours worked by the Plaintiff and all other Case Managers in violation of the FLSA.

27. Defendant is liable to Plaintiff and those similarly situated for unpaid overtime compensation in an amount to be determined at trial and all other damages, costs and attorney's fees provided by the FLSA.

### VI. SECOND CAUSE OF ACTION
(Ohio Labor Law)

28. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

29. Defendant failed to pay overtime wages to the Plaintiff and other Case Managers in violation of Ohio Revised Code O.R.C.§4111.03 and§ 4111.10.

30. Defendant's failure to comply with Ohio overtime protections caused Plaintiffs to suffer loss of wages and interest thereon.

31. Defendant is liable to Plaintiff and those similarly situated for unpaid overtime compensation in an amount to be determined at trial and all other costs and attorney's fees provided by the Ohio Revised Code.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and all similarly-situated employees are entitled to and pray for the following relief:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes he represents actual damages for unpaid wages;

D. Award Plaintiff and the classes he represents statutory liquidated damages;

E. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

s/ *Michael L. Fradin*

## **JURY DEMAND**

Plaintiff hereby demands a trial by a jury of their peers to decide all issues of fact in this case.

s/ Michael L. Fradin (0091739)
Michael L. Fradin, Attorney at Law
8 N. Court St. Suite 403
Athens, Ohio 45701
P: 847-986-5889
F: 847-673-1228
mike@fradinlaw.com

6