UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Austin Kleinhans, et al., | ) |
| Plaintiffs, | ) Case No. 1:21-cv-00070 |
| vs. | ) Judge Michael R. Barrett |
| Greater Cincinnati Behavioral Health Services, | ) |
| Defendant. | ) |

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's November 1, 2021 Report and Recommendation ("R&R"). (Doc. 25). Defendant Greater Cincinnati Behavioral Health Services filed timely objections (Doc. 27), and Plaintiffs Austin Kleinhans and Tessa Bradley filed a timely response to the objections (Doc. 29).

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions

should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

The R&R provides a comprehensive review of this case's background and the parties' arguments regarding Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs, and the same will not, and need not, be repeated herein. Defendant submits three objections to the R&R. (Doc. 27). The Court will address those objections in turn.

First, Defendant argues that this Court is not bound by the two-phase certification framework in Fair Labor Standards Act ("FLSA") cases. (*Id.* PageID 221-23). Defendant asserts that the U.S. Court of Appeals for the Sixth Circuit ("Sixth Circuit") has not expressly adopted the two-phase certification framework, and the Court should defer ruling on Plaintiffs' current motion pending the Sixth Circuit's decision in the interlocutory appeal in *Holder v. A&L Home Care & Training Ctr., LLC*, No. 1:20-CV-757, 2021 WL 3400654 (S.D. Ohio Aug. 4, 2021), regarding the continued appropriateness of the two-phase certification process for FLSA collectives in this Circuit. (Doc. 27. PageID 221-23); *cf. In re: A&L Home Care and Training Ctr., et al.*, Sixth Circuit Case No. 21-305 (Doc. 12) (Feb. 4, 2022 Order granting petition permitting interlocutory appeal); *Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case No. 22-3101 (resulting opened appeal).

In response to Defendant's request that the Court disregard the Sixth Circuit's authority on the two-phase FLSA certification process in favor of the U.S. Court of Appeals for the Fifth Circuit's recent rejection of the two-phase certification process in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021), the Magistrate Judge held that

2

"this Court is bound by the law of the Sixth Circuit, which follows the two-tiered conditional certification approach." (Doc. 25 PageID 188); *accord* (Doc. 19 PageID 133-36). While Defendant is correct that the Sixth Circuit has never expressly adopted the two-phase process, the Sixth Circuit has historically acknowledged and approved the two-stage process. *See Holder*, 2021 WL 3400654, at *5-6. Defendant provides no authority from the Sixth Circuit that rejects the two-phase certification process. Absent contrary direction from the Sixth Circuit, the Magistrate Judge's holding that courts in this Circuit are to follow the two-step process is not contrary to law.

Further, as this case is a hybrid collective action brought under the FLSA and Rule 23 class action brought under the laws of the state of Ohio (Doc. 9), the Court finds that waiting for the decision in *Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case No. 22-3101, regarding only FLSA cases, does not create judicial economy, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) (A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Second, Defendant argues that conclusory allegations are insufficient to obtain conditional certification. (Doc. 27 PageID 223-26). The Magistrate Judge found that, via Plaintiffs' submission of sworn declarations of the named Plaintiffs and six opt-in Plaintiffs and the information in those declarations, Plaintiffs met their burden at the first phase to show that members of the proposed collective are similarly situated. (Doc. 25 PageID 185-98). Defendant's argument that this finding is clearly erroneous, as Plaintiffs

3

only offered conclusory allegations in those declarations, simply repeats Defendant's prior argument that the Magistrate Judge already rejected. *Compare* (Doc. 19 PageID 125-31), *with* (Doc. 27 PageID 223-26); *cf.* (Doc. 29 PageID 245, 250) (Plaintiffs' response to Defendant's objections arguing that, in the first phase, plaintiffs need only show that similarly situated employees exist and need not show that potential opt-in plaintiffs performed the same duties and tasks). Defendant's second objection does not present any new argument that convinces the Court that the Magistrate Judge's finding is clearly erroneous. *Cf. Aldrich v. Bock*, 327 F. Supp. 2d 743, 748 (E.D. Mich. 2004) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Third, Defendant argues that Plaintiffs' Notice should reference opt-in plaintiffs' potential discovery obligations. (Doc. 27 PageID 227). The Magistrate Judge denied this request as Defendant did not cite any authority for adding such language or provide any proposed language to add to the Notice in furtherance of its request. (Doc. 25 PageID 203). Although Defendant now provides the language that it wishes to add to the Notice, the Court cannot hold that the Magistrate Judge's finding on this issue is clearly erroneous, particularly in light of Defendant's prior failure to provide any requested language to review. Nevertheless, the Court will permit Defendant to add the following language to the Notice: "While the suit is proceeding, you may be required to provide information, sit for a deposition, and testify in court."

In sum, the factual findings and legal conclusions in the R&R are neither clearly erroneous nor contrary to law. *See* FED. R. CIV. P. 72(a).

In light of the foregoing, it is hereby **ORDERED** that the Magistrate Judge's R&R (Doc. 25) is **ADOPTED** except that the Notice should reference the opt-in plaintiffs' potential discovery obligations as discussed herein. Accordingly, it is **ORDERED** that Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (Doc. 11) is **GRANTED**, and Plaintiffs shall file an amended notice consistent with the R&R and this Order within fourteen (14) days of the issuance of this Order.

**IT IS SO ORDERED.**

    /s Michael R. Barrett
Michael R. Barrett, Judge
United States District Court