UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AUSTIN KLEINHANS and TESSA BRADLEY, on behalf of themselves and all others similarly situated, | ) ) ) | Case No. 1:21-cv-000070 |
| | ) | Judge Michael R. Barrett |
| Plaintiffs, | ) ) | Magistrate Judge Karen L. Litkovitz |
| vs. | ) ) | |
| | ) | **JOINT MOTION FOR APPROVAL OF** |
| GREATER CINCINNATI BEHAVIORAL HEALTH SERVICES, | ) ) | **SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |
| | ) | |
| Defendant. | ) | |

## I.    INTRODUCTION

Representative Plaintiffs Austin Kleinhans and Tessa Bradley, on behalf of themself and

all Opt-In Plaintiffs ("Plaintiffs"), and Defendant Greater Cincinnati Behavioral Health Services

("Defendant" or "GCBHS") (collectively with Plaintiffs, "the Parties") respectfully move this

Honorable Court to approve the proposed settlement reached by the Parties and memorialized in

the Settlement Agreement and Release ("Settlement" or "Agreement") attached as Exhibit 1.

The proposed settlement will resolve bona fide disputes involving overtime compensation

claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as

corresponding state wage-and-hour statutes.  Plaintiffs asserted that Defendant violated the FLSA

by failing to pay them and other similarly situated employees for all hours worked, including

overtime compensation at the rate of one and one-half times their regular rates of pay for the hours

they worked over 40 each workweek. Defendant has consistently denied, and still denies, any

liability or wrongdoing and states that all Plaintiffs were properly classified as exempt from

overtime requirements under applicable law.

If approved by the Court, the Settlement will provide for the issuance of settlement payments to Plaintiffs within forty-five (45) days.

The Parties respectfully submit that the proposed Settlement is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA.  The Settlement was achieved during arms-length negotiations among the Parties, conducted by experienced counsel, and was reached on December 22, 2022 with the assistance of Mediator Jerry Weiss.

The settlement documents submitted for approval or entry by the Court consist of the following:

Exhibit 1:      Settlement Agreement and Release

Exhibit 1A:   Notice of Settlement of Collective Action Lawsuit

Exhibit 1B:   List of Plaintiffs

Exhibit 2:      Declaration of Matthew S. Grimsley

Exhibit 3:      Order of Dismissal and Approving Settlement

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Action

 On January 31, 2021, Representative Plaintiff Austin Kleinhans initiated this action against Defendant as a "collective action" as a result of Defendant's alleged practices and policies of misclassifying him and other similarly situated employees as "exempt" and allegedly failing to pay them for all hours worked, including overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek, in violation of

the Fair Labor Standards Act ("FLSA"), 29 U.SC. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.  (Doc. 1.)  On April 23, 2021, Representative Plaintiffs filed an Amended Complaint clarifying the factual allegations and adding Plaintiff Tessa Bradley as an additional Representative Plaintiff in this matter.  (Doc. 9.)

Plaintiffs allege that Defendant misclassified its Case Managers and employees in other positions performing substantially identical functions to that of a Case Manager as exempt, required them to work in excess of 40 hours in a workweek, and did not pay them overtime compensation for the hours the worked in excess of 40 hours in a workweek in violation of the FLSA and OMFWSA.

Defendant answered Plaintiff's Amended Complaint denying liability, denying that Plaintiffs were misclassified as exempt, and denying that Plaintiffs suffered damages.  (Doc. 10.)

On May 5, 2021, Plaintiffs filed their Motion for Conditional Certification, Expedited Opt-In Discovery, and Court Supervised Notice to Potential Opt-In Plaintiffs.  (Doc. 11.)  In their Motion, as well as Complaint and Amended Complaint, Plaintiffs defined the proposed FLSA collective class as follows:

> All current and former individuals in positions, job titles, job codes, job classifications, or job descriptions of "Case Manager" and all other similar nomenclature performing substantially identical functions employed by Greater Cincinnati Behavioral Health Services between January 31, 2018 and the present.

On June 16, 2021, Defendant filed its Opposition to Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court Supervised Notice to Potential Opt-In Plaintiffs (Doc. 19), and on June 30, 2021, Plaintiffs filed their Reply in Support (Doc. 20).

3

On November 1, 2021, the Magistrate Judge entered a Report and Recommendation granting Plaintiffs' Motion for Conditional Certification and ordering that Plaintiffs file an amended notice consistent with the Court's findings.  (Doc. 25.)

On November 15, 2021, Defendant filed its Objections to the Magistrate Judge's November 1, 2021, Report and Recommendation.  (Doc. 27.)

On November 24, 2021, Plaintiffs filed their Response to Defendant's Objections to the Magistrate Judge's November 1, 2021, Report and Recommendation.  (Doc. 29.)

On March 8, 2022, the Court entered an Order adopting the Magistrate's Report and Recommendation granting Plaintiffs' Motion for Conditional Certification, ordering that the notice should reference potential opt-ins plaintiffs' discovery obligations, and ordering Plaintiffs to file an amended notice consistent with the Order.  (Doc. 31.)

On March 22, 2022, Plaintiffs filed an Unopposed Motion for Approval of Amended Proposed Notice to Potential Class Members (Doc. 32), along with the Amended Proposed Notice. (Doc. 32-1.)

On March 23, 2022, the Court approved the amended proposed notice (Doc. 33), which specified that, if potential opt-in plaintiffs chose to join this litigation: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the collective; and (c) by joining this litigation, each designated the named Representative Plaintiff as his or her agent to make decisions on his or her behalf concerning the litigation, including the entering into a settlement agreement with Defendant.  (Doc. 32-1.)

On April 22, 2022, the notice was sent to 484 putative class members via First Class Mail and email.  (Ex. 2, Grimsley Declaration at ¶ 20.)  The Notice period closed on June 6, 2022.  (*Id.*)

In addition to Representative Plaintiffs, there are 79 Opt-In Party Plaintiffs who have joined this action.  (*Id.*)

On September 15, 2022, the Parties attended mediation with Mediator Jerome Weiss.  (*Id.* at ¶ 28.)  While the parties were unable to reach a settlement at the September 15, 2022 mediation, after further negotiations and with the assistance the mediator, the Parties ultimately reached a settlement on December 21, 2022.  (*Id.* at ¶¶ 29, 30.)

### B. Negotiation of The Settlement

The Parties engaged in substantial investigation and informal discovery prior to negotiating the Settlement.  (*See* Ex. 2, at ¶¶ 22, 23, 24, 25, 26.)  Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific Complaint and Amended Complaint for the Court and Defendant.  This investigation included interviewing and obtaining declarations from Plaintiffs and several other similarly situated employees. (*Id*. at ¶ 23.)  Plaintiffs' Counsel also engaged in a significant amount of research and factual investigation in order to brief Plaintiffs' Motion for Conditional Certification and Defendant's Objections to the Magistrate's Decision.  (*Id*.)  Further, after the notice period closed, Plaintiffs' Counsel gathered pertinent factual information from the vast majority of the Opt-in Plaintiffs regarding Plaintiffs' claims.  (*Id*. at ¶ 24.)

The Parties engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. (*Id.* at ¶ 25.) This included the production of employment and pay data of Plaintiffs and all the Opt-In Party Plaintiffs, a complete analysis and calculations of Representative Plaintiffs' and Opt-In Party Plaintiffs' overtime damages, and several communications between Counsel regarding the employment and pay data, damages calculation, and potential resolution.  (*Id*.)

5

The Parties also engaged in extensive legal discussion, which included discussions and communications between counsel for the Parties, several discussions and communications between counsel and the Mediator, as well as briefing to the Court.  All aspects of the dispute are well-understood, and were vehemently argued, by both sides.  (*Id.* at ¶ 26.)

Between September 2, 2022 and December 22, 2022, the Parties engaged in extensive settlement negotiations, including communications and discussions between counsel and with the Mediator regarding the Parties' legal and factual positions and the Plaintiffs' alleged damages. (*Id.* at ¶ 27.)

On September 15, 2022, the Parties attended a mediation with Mediator Jerome Wiess, , but were unable to reach a settlement at that time.  (*Id.* at ¶ 28.)

Nonetheless, between September 15, 2022 and December 22, 2022, the parties continued to engage in settlement negotiations with the assistance of the mediator. (*Id.* at ¶ 29.)

On December 21, 2022, in an effort to reach a compromise and to avoid the continued expense and burden of litigation, the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement. (*Id.* at ¶ 29.)

## C.     The Settlement Terms

If approved by the Court, the Settlement will cover Representative Plaintiffs and the 79 existing Opt-In Party Plaintiffs ("Plaintiffs"). Because the proposed Settlement is an FLSA settlement for employees who have already opted in, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, and because the opt-ins already consented to Austin Kleinhans and Tessa Bradley as the Representative Plaintiffs and to be bound by any settlement and/or judgement in this case, no fairness hearing is required or requested by the Parties.  *See Moore v. Ackerman Inv. Co*., C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009)

("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

The Total Settlement Amount is One Million 00/100 Dollars ($1,000,000.00), which is inclusive of (a) all of the Individual Settlement Payments to Plaintiffs; (b) the Service Award Payment as approved by the Court to Representative Plaintiffs Kleinhans and Bradley; (c) Plaintiffs' Counsel's attorneys' fees and expenses as approved by the Court; and (d) the Settlement Administrator's fee.

Plaintiffs' alleged damages in this case result from Defendant's alleged failure to pay them overtime compensation at a rate of one and one-half times their hourly rate for hours worked in excess of 40 hours per work week.

Plaintiffs' Counsel has calculated that Plaintiffs are owed a total of $593,829.28 in unpaid overtime compensation during the calculation period of January 31, 2018 to June 21, 2022, assuming that the 3-year statute of limitations applies, and each Plaintiff worked five overtime hours per workweek. (Ex. 2 at ¶ 36.) The alleged unpaid overtime compensation was calculated by dividing the total remuneration paid each 2-week pay period by 80 hours to determine each Plaintiffs' weekly regular rate. The regular rate was then multiplied by 1.5 to determine the applicable overtime rate for each Plaintiff, and then the applicable overtime rate was multiplied by the overtime hours (10 overtime hours per pay period (or 5 overtime hours per workweek)). (*Id.*) The calculation of unpaid overtime also accounts for the unpaid overtime compensation allegedly

owed on the quarterly bonuses Plaintiffs received.  The bonus amounts were divided by the quarterly hours to arrive at a rate.  Half of that rate was then multiplied by the number of overtime hours worked during the same quarter.  (*Id*.)

Thus, the Total Settlement Amount equals approximately 168% of the Plaintiffs' wage damages assuming that each Plaintiff worked five overtime hours per workweek (90 hours total per pay period or 45 hours total per workweek).  (*Id*. at ¶ 37.)

$636,919.48 of the Total Settlement Amount will be divided into Individual Payments to the Plaintiffs, which equals approximately 107.26% of their alleged non-liquidated overtime wage damages at five overtime hours per workweek during the 3-year statute of limitations period, *after* the deduction of the Representative Plaintiffs' payment, attorneys' fees and expenses; or, put differently, 54.63% of the overtime wage damages during the three-year statute of limitations and 54.63% of the liquidated damages Plaintiffs' could be entitled to if Defendant were unable to establish a good faith defense.  (*Id*. at ¶ 38.)  The Individual Payments were calculated proportionally by Plaintiff's counsel, based on each Plaintiff's alleged overtime damages during the Released Period. (*Id*. at ¶ 39.)  The Parties have agreed to a $100.00 minimum payment for Opt-In Plaintiffs with less than $100.00 in damages and/or who are outside of the three-year statute of limitation period. (*Id*.) There are two Opt-In Plaintiffs who will receive this minimum payment. The Individual Payments are provided in Exhibit B of the Settlement.  (*Id.*)

$5,000.00 of the Total Settlement Amount will be paid to Representative Plaintiff Austin Kleinhans, in additional to his individual payment, for his services as a Representative Plaintiff and in exchange for a general release. Likewise, $5,000.00 of the Total Settlement Amount will be paid to Representative Plaintiff Tessa Bradley, in additional to her individual payment, for her

services as a Representative Plaintiff and in exchange for a general release, which is reasonable in light of the significant and effective services they provided. (*See Id.* at ¶ 42.)

In addition, $333,333.33, one-third (1/3) of the Total Settlement Amount, will be paid to Plaintiffs' Counsel for attorneys' fees, and $9,747.19 will be paid to Plaintiffs' Counsel for expenses incurred in the Action. This fee is reasonable in light of the benefit achieved for Plaintiffs.

Lastly, $10,000.00 of the Total Settlement Amount will be paid to the Settlement Administrator.  The parties have agreed to have A.B. Data, Ltd. administer the settlement, and A.B. Data, Ltd. has agreed to do so for a flat rate of $10,000.00.

In exchange for the settlement, the Action will be dismissed, and the Plaintiffs will release Defendant from any and all federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description that were or could have been asserted in the Action, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act that exist or existed from January 31, 2018 through the date of the Approval Order.

## III.   THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As explained below, and as shown in the attached Declaration of Matthew S. Grimsley (Exhibit 2), Court approval is warranted on all scores.

### A.   The Seven-Factor Standard is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute"), citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007), citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in Attorney Grimsley's Declaration (*see* Exhibit 2), the standard supports approval of the Settlement.

## B.  The Settlement Distributions are Fair, Reasonable and Adequate

As a part of the scrutiny that applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable, and adequate for the Plaintiffs.

Here, the seven-factor standard supports approval of the Settlement. The parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion. (*See* Exhibit 2.) The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. (*Id*. at ¶ 48)

The Parties have engaged in substantial informal discovery, investigation, and comprehensive exchanges of records prior to mediation, and the issues are well understood by both sides. (*Id*. at ¶¶ 21, 22, 23, 24, 25, 26.) The outcome is uncertain for the Plaintiffs, and the risks of continued litigation are evident for both sides. (*Id*. at ¶¶ 35, 47.) The opinions of experienced counsel of the Parties support the Settlement, as does the Representative Plaintiffs. (*See* Ex. 2.) The Individual Payments (provided in Exhibit B of the Settlement Agreement) were calculated by Plaintiffs' Counsel, and are proportionally based on each Plaintiffs' damages during the calculation period of January 31, 2018 to June 21, 2022, with a minimum payment of $100 (*Id*. at ¶ 39). If approved by the Court, the Proposed Settlement will provide adequate payments to the Plaintiffs for their alleged wage damages.

### C.      Plaintiffs' Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

Here, the Court should award one-third of the settlement fund ($333,333.33) in attorneys' fees. Defendant does not oppose Plaintiffs' request, and the attorneys' fees requested are reasonable in light of the benefit Plaintiffs' Counsel achieved for Plaintiffs.

"In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Brandenburg v. Cousin Vinny's Pizza, LLC,* No. 3:16-CV-

11

516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (one-third of the fund "is a normal fee amount in a wage and hour case."); *Carr v. Bob Evans Farms, Inc.*, No. 1:17-CV-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018); *see also*, *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 WL 2490989, at *3, 7, 8 (N.D. Ohio, June 15, 2010) ("The amount of the contingency, one-third of the total award, is also reasonable and has been approved in similar FLSA collective actions in this judicial district."); *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *1 (N.D. Ohio Mar. 8, 2010) (approving one-third of fund where there was a recovery constituting one-third of claimed unpaid wages; litigation risks and significant work expended; and a contingency arrangement); *Osman, et al. v. Grube, Inc., et al.* 2018 WL 2095172, at *5 (N.D. Ohio May 4, 2018) (awarding one-third of the fund); *Kritzer v. Safelite Sols.*, *LLC*, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012) (awarding 52 percent of maximum settlement fund to counsel in wage and hour case); *Swigart v. Fifth Third Bank*, No. 1:11-CV-88, 2014 WL 3447947, at *6 (S.D. Ohio July 11, 2014) (awarding 33 percent of $4 million settlement fund in wage and hour case); *Moore v. Aerotek, Inc.*, 2017 WL 2838148, at *6 (S.D. Ohio June 30, 2017), report and recommendation adopted, No. 2017 WL 3142403 (S.D. Ohio July 25, 2017) ("Fee awards in common fund cases generally are calculated as a percentage of the fund created, with the percentages awarded typically ranging from 20 to 50 percent of the common fund created."); *Kimber Baldwin Designs, LLC v. Silv Commc'ns, Inc.,* No. 1:16-CV-448, 2017 WL 5247538, at *5-6 (S.D. Ohio Nov. 13, 2017) (awarding one-third of $450,000 fund); *Bessey v. Packerland Plainwell, Inc*. 2007 WL 3173972 (W.D. Mich. 2007) (one-third attorneys' fee approved). The Ohio practice is in accord with the practice throughout the Sixth Circuit and nationwide.

Here, Plaintiffs' Counsel Matthew Grimsley's Declaration contains information that demonstrates the reasonableness of the proposed fees and expenses. (*See* Ex. 2.)

The attorneys' fees requested are reasonable in light of the benefit achieved for the Plaintiffs, whose recovery, after the deduction of the Representative Plaintiff's payment, the requested attorneys' fees and costs, and the Settlement Administrator's fee, equals $636,919.48. (*Id*. at ¶ 38.)

The attorneys' fees in this case were entirely contingent upon the success of this litigation, and should not be altered because counsel efficiently resolved this case rather than prolonging the litigation and increasing the potential fees. *See* Manual for Complex Litigation (4th) § 14.121 ("one purpose of the percentage method is to encourage early settlements by not penalizing efficient counsel, thus ensuring competent counsel continue to be willing to undertake risky, complex, and novel litigation."). Plaintiffs' Counsel undertook representation under a contingent-fee basis, expended significant time and effort and advanced costs and expenses, without any guarantee of compensation. (*Id*. at ¶ 46.) Plaintiffs' Counsel has been actively working on this case for approximately two years. It is a complex FLSA matter, and it has been hard fought by both sides. (*Id*.)

The risk of non-payment, or a significantly reduced payment, strongly supports the amount requested here. Had this case not settled, Plaintiffs' Counsel would have vigorously litigated the case without any promise of success and compensation. (*Id*. at ¶ 47.) In the instant case, bona fide disputes exist between the Parties, including, *inter alia*, whether Plaintiffs are entitled to overtime compensation, and if so, whether they are entitled to overtime compensation at a rate of one and one-half times their hourly rate of pay, whether Plaintiffs were properly classified as exempt as Defendant alleges, whether Plaintiffs worked more than 40 hours per workweek,

whether the 2-year or 3-year statute of limitations applies, and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it acted in good faith. (*Id*. at ¶ 35.) At every step of the litigation, Defendant could have succeeded. (*Id*. at ¶ 47.) For example, if the Court determined that Plaintiffs were exempt, then Plaintiffs would be entitled to no recovery. (*Id*.)

The expense and likely duration of continued litigation also favor approval. Wage-and-hour cases for groups of employees are always expensive and time-consuming. Indeed, if forced to litigate this case further, the Parties would certainly engage in complex, costly and protracted wrangling. The Parties would be required to engage in extensive fact discovery and briefing regarding decertification, Rule 23 Class Certification, and summary judgment. The parties have engaged in only limited formal discovery, and the additional fact discovery would be expensive and time consuming given the continued factual and legal disputes between the Parties and the potential for nearly 500 class members in the litigation if it was certified as Rule 23 Class Action.

Additionally, society's stake in rewarding attorneys who bring class action wage and hour cases favors the requested award. In *Swigart v. Fifth Third Bank*, No. 1:11-CV-88, 2014 WL 3447947, at *5 (S.D. Ohio July 11, 2014), a wage and hour case, the Court found that "the percentage approach is the most appropriate method for determining reasonable attorneys' fees" and awarded 33%, or $1,320,000, of the $4,000,000 settlement fund to class counsel. In doing so, this Court found:

> Society's stake in rewarding attorneys who bring class action wage and hour cases favors the requested award. *Gentrup v. Renovo Servs., LLC*, No. 1:07–cv–430, 2011 WL 2532922, at *4 (S.D.Ohio, June 24, 2011) ("[S]ociety has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

*Id*. at *6.

Further, the services rendered to the Plaintiffs reflect the significant experience Plaintiffs' Counsel has with litigating collective and class actions.  (*See* Ex. 2.) In fact, Plaintiffs' Counsel's one third fee request has been approved in numerous similar collective and class actions in Federal Courts, including this Court.  (*Id.* at ¶ 44.) *See, e.g.*, *Klaus v. Humana Pharmacy, Inc.*, Case No. 1:19-cv-01025 (S.D.); *Rosenbohm v. Cellco Partnership*, Case No. 2:17-cv-00731 (S.D. Ohio); *Green v. H.A.D., Inc.,* Case No. 2:15-cv-933 (S.D. Ohio); *Bleich v. Cleveland Brewing Company*, Case No. 1:21-cv-01891-JG (N.D. Ohio); *Etheridge v. Vita-Mix*, Case No. 1:21-cv-0179 (N.D. Ohio); *Viconovic v. Vallourec Star*, Case No. 1:20-cv-1591 (N.D. Ohio); *Klaus v. Humana Pharmacy, Inc.*, Case No. 1:19-cv-01025 (S.D. Ohio); *Bleich v. Cleveland Brewing Company*, Case No. 1:21-cv-01891-JG (N.D. Ohio); *Johnson v. New York Life Insurance Co.*, Case No. 1:19-cv-01898 (N.D. Ohio); *Shumate v. Genesco, Inc.*, et al, Case No. 1:17-cv-03574 (S.D. Ind.); *Grayer, et al. v. Kennametal, Inc.*, Case No. 1:16-cv-01382 (N.D. Ohio); *Allen v. Sutherland Global Services*, Case No. 6:17-cv-6059 (W.D.N.Y); *Lawrence v. Platinum Home Helper*, Case No. 1:17-cv-1479 (N.D. Ohio); *Fullerton v. Golden Flake Snack Foods, Inc.*, Case No. 3:17-cv-00296 (N.D. Florida); *Miller v. Flowers Baking Co. of Ohio*, Case No. 3:17-cv-725 (N.D.NY.); *Caringi v. Relentless Recovery*, Case No. 1:16-cv-2236 (N.D. Ohio); *Tabor v. A Better Alternative to Senior Care, Inc.,* Case No. 1:16-cv-1281 (N.D. Ohio); *Castro v. Heart Home Care, LLC*, Case No. 1:16-cv-571 (N.D. Ohio); *Bainbridge v. Medline Industries*, Case No. 5:16-cv-00555 (N.D. Ohio); *Terry v. All Hearts Home Health Care*, Case No. 1:16-cv-515 (N.D. Ohio); *Webber v. Nine Energy*, Case No. 4:15-cv-2406 (S.D. Texas); *Swiger, et al. v. Utz Quality Foods, Inc.*, Case No. 1:15-cv-2196 (M.D. Penn); *Houston, et. al. v. Progressive Casualty Insurance Co.*, Case No. 1:15-cv-01853 (N.D. Ohio); *Hillebrandt, et al. v. Horizontal Wireline Services, LLC, et al.*, Case No. 2:15-cv-1307 (W.D. Pa); *Rucker v. Quality Blow Molding,* Case No. 1:15-cv-1039 (N.D. Ohio);

*Douglas, et al. v. J&K Subway, Inc.,* Case No. 4:14-cv-2621 (N.D. Ohio); *McPherson v. Horseshoe Cleveland*, Case No. 1:14-cv-02475 (N.D. Ohio); *Smith v. CMHA*, Case No. 1:14-cv-1409 (N.D. Ohio); *Armbruster v. City of Cleveland*, Case No. 1:13-cv-2626 (N.D. Ohio); *Williams v. Beckett Air, Inc.*, Case No. 1:12-cv-2796 (N.D. Ohio); *Welch v. Incept Corporation*, Case No. 5:12-cv-1775 (N.D. Ohio); *Malaj v. Gohlke*, Case No. 1:11-cv-1578 (N.D. Ohio); *Campbell v. Judson Services*, Case No. 1:11-cv-906 (N.D. Ohio); *Murphy v. 1-800-Flowers*, Case No. 1:10-cv-1822 (N.D. Ohio); *Miller v. National Enterprise Systems*, Case No. 1:10-cv-1664 (N.D. Ohio); *Osolin v. Turocy & Watson LLP*, et al, Case No. 1:09-cv-2935 (N.D. Ohio); *Kelly v. National Enterprise Systems*, Case No. 1:09-cv-2268 (N.D. Ohio); *McNelley v. Aldi*, Case No. 1:09-cv-1868 (N.D. Ohio); *Rotuna v. West Customer Management Group*, Case No. 4:09-cv-1608 (N.D. Ohio); *Jackson v. Papa John's*, Case No. 1:08-cv-2791 (N.D. Ohio); *Dillworth v. Case Farms*, Case No. 5:08-cv-1694 (N.D. Ohio); *Fincham v. Nestlé Prepared Foods Company*, Case No. 1:08-cv-73 (N.D. Ohio); *McGhee v. Allied Waste Industries*, Case No. 1:07-cv-1110 (N.D. Ohio).

The litigation costs sought to be reimbursed are also proper and reasonable. Plaintiffs' Counsel has incurred expenses in the amount of $9,747.19, which includes $402.00 incurred for the filing fee; $575.00 for a public records search; $995.19 for administration of the Notice to Potential Class Members; $7,275.00 for Plaintiffs' share of the mediator's fees; and $500.00 for miscellaneous litigation expenses. (*Id.* at ¶ 51.) All expenses were incurred during the course of the litigation of this Action. (*Id.*)

IV.    **CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit 3.

Respectfully submitted,

/s/ *Matthew S. Grimsley*
Matthew S. Grimsley (0092942)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
Alanna Klein Fischer (0090986)
The Lazzaro Law Firm, LLC
34555 Chagrin Boulevard, Suite 250
Moreland Hills, Ohio 44022
Telephone: 216-696-5000
Facsimile: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
alanna@lazzarolawfirm.com

Michael L. Fradin (0091739)
8401 Crawford Avenue, Suite 104
Skokie, Illinois 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
mike@fradinlaw.com

*Attorneys for Plaintiffs and Opt-In Plaintiffs*

/s/ *Ryan M. Martin (consent via email)*
Ryan M. Martin (0082385)
Jackson Lewis P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, Ohio 45202
Telephone: 513-898-0050
Facsimile: 513-898-0051
ryan.martin@jacksonlewis.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, the foregoing *Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice* was filed electronically and served upon all parties via the Court's CM/ECF electronic filing system.  Parties may access the filing through the Court's system.

/s/ Matthew S. Grimsley
Matthew S. Grimsley (Ohio 0092942)