UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AUSTIN KLEINHANS and TESSA BRADLEY, on behalf of themselves and all others similarly situated, | Case No. 1:21-cv-000070 |
| | Judge Michael R. Barrett |
| Plaintiffs, | Magistrate Judge Karen L. Litkovitz |
| vs. | |
| GREATER CINCINNATI BEHAVIORAL HEALTH SERVICES, | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| Defendant. | |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Matthew S. Grimsley, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1. On January 31, 2021, Representative Plaintiff Austin Kleinhans filed this Action against Defendant as a "collective action" as a result Defendant's alleged practices and policies of misclassifying Plaintiff and other similarly-situated employees as exempt, and failing to pay them for all hours worked, including overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03. (Doc. 1.)

2. On April 23, 2021, an Amended Complaint was filed in which Plaintiff Tessa Bradley was added as an additional Representative Plaintiff in this matter. (Doc. 9.)

3. Plaintiffs alleged Plaintiffs allege that Defendant misclassified them and other similarly situated employees as exempt, required them to work in excess of 40 hours in a workweek, and did not pay them overtime compensation for the hours the worked in excess of 40 hours in a workweek in violation of the FLSA.

4. Defendant denies liability, denies that Plaintiffs were misclassified as exempt, and denies that Plaintiffs suffered damages.

5. On May 5, 2021, Plaintiffs filed their Motion for Conditional Certification, Expedited Opt-In Discovery, and Court Supervised Notice to Potential Opt-In Plaintiffs. (Doc. 11.) In their Motion, as well as Complaint and Amended Complaint, Plaintiffs defined the proposed FLSA collective class as follows:

> All current and former individuals in positions, job titles, job codes, job classifications, or job descriptions of "Case Manager" and all other similar nomenclature performing substantially identical functions employed by Greater Cincinnati Behavioral Health Services between January 31, 2018 and the present.

6. On November 1, 2021, the Magistrate Judge entered a Report and Recommendation granting Plaintiffs' Motion for Conditional Certification. (Doc. 25.)

7. On November 15, 2021, Defendant filed its Objections to the Magistrate Judge's November 1, 2021, Report and Recommendation (Doc. 27), and on November 24, 2021, Plaintiffs filed their Response to Defendant's Objections. (Doc. 29.)

8. On March 8, 2022, the Court entered an Order adopting the Magistrate's Report and Recommendation granting Plaintiffs' Motion for Conditional Certification. (Doc. 31.)

9. On March 23, 2022, the Court approved Plaintiffs' Amended Proposed Notice to Class Members. (Doc. 33.)

10. On April 22, 2022, the notice was sent to 484 putative class members via First Class Mail and email. The Notice period closed on June 6, 2022. In addition to Representative Plaintiffs, there are 79 Opt-in Party Plaintiffs.

11. The Parties stipulate to this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement.

12. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information, which included employment and pay data for Representative Plaintiffs and the Opt-In Party Plaintiffs, and a complete analysis and calculation of Representative Plaintiffs' and Opt-In Party Plaintiffs' alleged overtime damages.

13. The Parties advise this Court that they engaged in extensive legal discussion which included lengthy discussions between counsel for the Parties and discussions with the Mediator the parties selected.

14. The Parties advise this Court that, on September 15, 2022, they attended private mediation with Mediator Jerome Weiss, and while the case did not settle at the September 15, 2022 mediation, after further negotiates and with the assistance of the Mediator, the parties ultimately reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit 1.

15. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

16. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on December 21, 2022 with the assistance of

Mediator Jerome Weiss, on the terms set forth in the Settlement Agreement and Release attached as Exhibit 1 to the Parties' Joint Motion.

17. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

18. The Court orders that the settlement payment be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

19. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except and otherwise provided by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this  31st  day of   March    , 2023

 s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court